UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**

AUG 0 2 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-490-GWU

TONY M. ABNER,                                                          PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

The plaintiff was originally awarded Child's Supplemental Security Income in 1989. In 2003, the agency notified Abner, who had turned 18 years of age, that it was reevaluating his case to determine if he met the adult standards for SSI as per Publ. L. 104-193.[1] The appeal from the administrative decision terminating his benefits is currently before the Court on cross-motions for summary judgment.

### STANDARDS APPLICABLE TO ADULT BENEFITS CLAIMS

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

---

[1] Publ. L. 104-193, in part, amended 42 U.S.C. Section 1382c(a)(3)(H).

1

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 CFR 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 CFR 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 CFR 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's

2

decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).     Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a

person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

6

## DISCUSSION

Abner, a 19 year-old man with a "limited" education and no past relevant work history, was originally found eligible for SSI as a child in October of 1989 due to borderline intelligence and an oppositional defiant disorder that met the requirements of Section 112.04 of the Listing of Impairments. (Tr. 14). The plaintiff attained the age of 18 years on February 10, 2003 and was notified the following June that his claim would be reevaluated under the adult requirements for disability. (Tr. 14).

An Administrative Law Judge (ALJ) found that the now adult Abner suffered from impairments related to a history of Charcot-Marie-Tooth Disease,[2] cavovarus foot deformities,[3] and borderline to low average intelligence with reading and mathematics disorders. (Tr. 14, 20). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 20). Thus, he was no longer eligible for SSI.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

---

[2]Charcot-Marie-Tooth disease is a hereditary sensorimotor neuropathy characterized by weakness and atrophy, primarily in the peroneal and distal leg muscles. The Merck Manual, 17th Ed., 1999, p. 1495.

[3]Talipes cavovarus is a deformity of the foot in which the longitudinal arch is abnormally high and the heel is turned inward from the midline of the leg. Dorland's Illustrated Medical Dictionary, 28th Ed. 1994, p. 1657.

7

The ALJ relied heavily upon the testimony of Vocational Expert Katherine Bradford to find that a significant number of jobs were available to Abner. The hypothetical question presented to Bradford included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to push or pull with left leg controls; (2) an inability to more than occasionally climb; (3) the need for a sit/stand-at-will option; (4) an inability to read above the third grade level; and (5) a limitation to simple, repetitive tasks. In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 408). Therefore, assuming that the vocational factors considered by Bradford fairly characterized the Abner's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The physical factors of the hypothetical question were compatible with the physical restrictions identified by Dr. Jorge Baez-Garcia (Tr. 344-349) and Dr. Kenneth Phillips (Tr. 369-377), the non-examining medical reviewers. No treating or examining source, including Dr. Akeem Niazi (Tr. 283-285), the staff at Shriners Hospital (Tr. 287-288) and Dr. Neeraj Mahboob (Tr. 305) reported the existence of more severe specific physical restrictions than those found by the ALJ. Therefore, substantial evidence supports this portion of the ALJ's decision.

The ALJ also dealt properly with the evidence of record relating to Abner's mental condition. Psychologist James Leisenring was the only mental health

8

professional to examine the plaintiff during the relevant time period. Leisenring diagnosed a reading disorder, a mathematics disorder, and borderline to low average intelligence. (Tr. 281). The claimant's Global Assessment of Functioning (GAF) was rated at 70. (Tr. 281). Such a GAF suggests the existence of only "mild" psychological symptoms according the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.-Revised, 1994). The only mental restriction reported by Leisenring was a "moderate" limitation of ability to understand, remember and carry out instructions. (Tr. 282). The limitation to simple, repetitive tasks included in the hypothetical question would accommodate this restriction. This limitation is also compatible with "moderate" restriction of ability to understand, remember and carry out detailed instructions noted by Psychologists Stephen Scheer (Tr. 325) and Thompson Prout (Tr. 350), the non-examining medical reviewers. Therefore, this portion of the ALJ's denial decision is also supported by substantial evidence.

Abner notes that Dr. Niazi found atrophy in the left extremity as well as cavovarus foot deformities. (Tr. 284). The plaintiff asserts that the ALJ's hypothetical question was inadequate because these findings as well as his history of Charcot-Marie-Tooth Disease and borderline intelligence were not specifically presented to the vocational expert. However, the Sixth Circuit Court of Appeals has recently held that hypothetical questions are not required to contain a list of the claimant's medical conditions. Webb v. Commissioner of Social Security, 368 F.3d 629, 631 (6th Cir. 2004). The Court has already found that the question adequately

9

covered the claimant's mental and physical restrictions. Therefore, the undersigned must reject Abner's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny

that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

The decision will be affirmed.

This the _____ 2 _____ day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10